UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DERRICK T. PEOPLES,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

Case No. 1:08-CV-284
(Criminal Case No. 1:03-CR-165)

HON. GORDON J. QUIST

## **OPINION**

### I. Introduction

The Court has before it Derrick T. Peoples' ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Promptly after the filing of a § 2255 motion, the Court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits, and the record of prior proceedings that Petitioner is not entitled to relief in the district court. Rule 4, Rules Governing § 2255 Cases. If so, the Court shall make an order for its summary dismissal. *Id.* A dismissal under Rule 4 includes those petitions that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254). After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief under § 2255.

### II. Procedural History

On April 16, 2003, Grand Rapids Police Department officers, pursuant to a search warrant, seized cocaine and a firearm from Petitioner's residence. Petitioner was arrested and charged in

Kent County Circuit Court with delivery or manufacture of less than 50 grams of cocaine, possession of less than 25 grams of cocaine, and being a felon in possession of a firearm. On May 1, 2003, Petitioner appeared for his preliminary examination, and Kent County Prosecutors made a plea offer to Petitioner. Petitioner did not accept the offer at the time, but he was given 42 days to do so. Shortly thereafter, Petitioner's counsel called the Kent County Prosecutor's Office to inform it of Petitioner's intent to accept the plea offer. A plea hearing was set for May 29, 2003, but Petitioner failed to appear. On June 3, 2003, the United States Attorney's Office sent a letter to the Kent County Prosecutor's Office notifying it that Petitioner's case had been marked for federal prosecution under the Project Safe Neighborhoods initiative and requesting the state not to enter into plea negotiations with Petitioner. On June 5, 2003, the state filed a Motion for Nolle Prosequi, and the state court entered an Order dismissing Petitioner's case without prejudice.

On June 24, 2003, a federal grand jury returned a two-count indictment charging Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession with the intent to distribute 20 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Petitioner failed to appear for his final pretrial conference scheduled for November 18, 2003. On December 17, 2003, a three-count superseding indictment was returned adding a charge for failure to appear in violation of 18 U.S.C. § 3146(a)(1). United States Marshals apprehended Petitioner in Baton Rouge, Louisiana, on February 26, 2004.

On July 22, 2004, Petitioner pled guilty to the charged offenses. Petitioner had an Offense Level of 37 and a Criminal History Category of VI, with a Guideline range of 360 months to life. However, the Court departed downward and sentenced Petitioner to 120 months on Count One (Felon in Possession); 259 months on Count Two (Drug Trafficking), to be served concurrently; and 41 months on Count Three (Failure To Appear) to run consecutively to Counts One and Two. On

December 28, 2004, the Court sentenced Petitioner to 300 months incarceration. Petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit vacated Petitioner's sentence and remanded his case for resentencing in accordance with *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). *United States v. Peoples*, No. 04-2390 (6th Cir. June 9, 2005). On September 1, 2005, this Court resentenced Petitioner to a total of 221 months incarceration, which was a downward variance of 180 months on Count Two plus the 41-month consecutive sentence on Count Three. Petitioner once again appealed his sentence, and the Sixth Circuit affirmed. *United States v. Peoples*, No. 05-2307 (6th Cir. July 25, 2006). On August 27, 2007, Petitioner filed a motion to dismiss the indictment. The Court considered characterizing Petitioner's motion as a motion under 28 U.S.C. § 2255 and instructed Petitioner to notify the Court whether he intended to file a § 2255 motion. Petitioner informed the Court that he intended to file a § 2255 motion and requested an extension of time to file a more complete motion. The Court granted Petitioner an extension of time, and on March 3, 2008, Petitioner timely filed this § 2255 motion.

### III.  Petitioner's Ineffective Assistance of Counsel Claim

Petitioner claims that he was denied effective assistance of both state and federal counsel. However, Petitioner advances no jurisdictional basis that would allow the Court to address state counsel's performance, and the Court is unable to identify any such basis. *See United States v. Robinson*, 408 F.Supp.2d 437 (E.D. Mich 2005). Thus, the Court will not address the merits of Petitioner's ineffective assistance of counsel claim as it pertains to state counsel. Moreover, as to Petitioner's federal counsel, his ineffective assistance of counsel claim is without merit.

Petitioner cannot establish ineffective assistance of counsel unless he can show two things. First, Petitioner must establish deficient performance by counsel. *Strickland v. Washington*, 466

3

U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). This requires counsel to make errors so serious that he or she was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. *Id.*, 104 S.Ct. at 2064. Second, Petitioner must show that counsel's deficient performance prejudiced Petitioner. *Id.*, 104 S.Ct. at 2064. To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. If Petitioner cannot prove both deficiency and prejudice, his ineffective assistance claim fails. *Id.* at 697, 104 S.Ct. at 2069.

The crux of Petitioner's ineffective assistance claim is that he intended to accept the state court plea agreement and that his state court counsel was constitutionally ineffective in failing to apprise him of the date of his plea hearing. Petitioner argues that his federal counsel was ineffective for failing to move this Court to dismiss the federal indictment as a remedy for the ineffective assistance of his state court counsel.

In support of his claim, Petitioner relies on *United States v. Morris*, 470 F.3d 596 (6th Cir. 2006). In *Morris*, state and federal authorities undertook a cooperative effort to prosecute Morris. *Id.* at 598. As part of that effort, the state extended a plea offer to Morris. The United States Attorney's Office was involved in deciding whether the plea offer would be made available, and the offer included an agreement that Morris would not be prosecuted in federal court–even though the state and federal governments could have pursued separate prosecutions. *Id.* at 600. In light of this evidence, the Sixth Circuit found that the United States Attorney's Office made itself a party to the state agreement. *Id.* Morris rejected the offer based on erroneous advice from state counsel regarding the federal sentencing guidelines and was indicted in federal court. *Id.* at 598-99. The Sixth Circuit held that Morris was denied effective assistance of counsel during the state proceedings

4

and that the federal district court had the authority to dismiss the federal indictment "to put Morris back in the position he would have been in but for the denial of his right to counsel in light of the federal prosecutor's entanglement with the state plea process." *Id.* at 600-01.

Petitioner's reliance on *Morris* is misplaced. In this case, the federal government was not a party to Petitioner's state court plea agreement. As evidenced by the June 2, 2003, letter from the United States Attorney's Office requesting the state prosecutor not to enter into plea negotiations with Petitioner, the United States Attorney's Office played no role in extending a plea offer to Petitioner. The state prosecutors had no power or authority, on their own, to bind the United States to any plea agreement that would have dismissed or prevented federal charges against Petitioner. And, this Court had no authority to dismiss the federal indictment because the federal government was not a party to Petitioner's state court plea agreement. Therefore, Petitioner's federal counsel was not deficient for failing to move this Court to dismiss the indictment. As such, his ineffective assistance of counsel claim fails.

### IV.  No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2255 Cases is a determination that the § 2255 motion, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v.*

*Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

### V. Conclusion

For the reasons set forth above, Petitioner's § 2255 Motion (docket no. 1) will be DISMISSED pursuant to Rule 4 of the Rules Governing § 2255 cases. In addition, a certificate of appealability will be DENIED.

A separate order will issue.

Dated: April 16, 2008                                          /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE